UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN SHEFFIELD and OLE INGRAM GROCERY, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | Civil Action No.  SA-15-CA-512-XR |
| | ) | |
| CITY OF INGRAM, TEXAS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On this date, the Court considered the Amended Motion to Dismiss for Failure to State a Claim (docket no. 27) filed by Defendants, Plaintiffs' Response in Opposition and Motion for Leave to File Amended Complaint (docket no. 28), and Defendants' Motion to Compel (docket no. 33).

**Background**

Plaintiffs Ole Ingram Grocery and its owner John Sheffield filed this lawsuit in state court against the City of Ingram, its Mayor James Salter[1], and its Secretary Stephanie Breckenridge.  The petition alleges that the City has been installing a wastewater system, with Stage 1 funded by a grant from the U.S. Department of Agriculture Rural Development program and Stage 2 funded by a loan and a grant.  Plaintiffs allege that the City Council enacted an ordinance on September 3, 2013 requiring properties within 200 feet of a wastewater lateral or main to be connected to the system.  Plaintiff Ole Ingram Grocery has been served with a Notice of Requirement to Connect to Wastewater Line, and alleges that it has been singled out for discriminatory treatment (including being sued in Municipal Court for violating the ordinance) because Sheffield has been a vocal critic of Mayor Salter and the administration.

Plaintiffs' original Petition asserts the following causes of action: (1) violation of Texas

---

[1] Plaintiffs allege in a proposed Amended Complaint that Salter resigned on January 27.

common law right to be free from unlawful discrimination; (2) violation of constitutional right to equal protection (which also includes the allegation that Defendants have deprived Plaintiffs of their rights to due process and have retaliated against Plaintiffs for their exercise of their First Amendment right to freedom of speech); (3) malicious prosecution; and (4) defamation, and seeks a declaratory judgment and a permanent injunction "prohibiting the City from attempting to enforce its unconstitutional rate scheme" and "from continuing to selectively prosecute Plaintiffs."

Defendants answered and then removed this action to this Court, asserting federal question jurisdiction.  Plaintiffs do not contest the existence of federal question jurisdiction, and the Court agrees that jurisdiction is proper.

Defendants move to dismiss for failure to state a claim pursuant to Rule 12(b)(6).[2] Defendants argue: (1) Plaintiffs fail to state a cognizable claim against Defendants Salter and Breckenridge because they "fail to plead any facts that would support the involvement of these Defendants in Plaintiff's alleged deprivations" and the factual allegations of conduct by these Defendants are insufficient to state a § 1983 claim; (2) Plaintiffs fail to state a claim against the City of Ingram because they fail to plead a particular policy or practice that caused any alleged constitutional harm; (3) the Texas Tort Claims Act requires dismissal of the state-law tort claims against the City employees because Plaintiffs brought tort actions against both the City and the employees; (4) the Texas Tort Claims Act requires dismissal of the state-law tort claims against the City because Plaintiffs fail to plead facts that would support a waiver of the City's governmental immunity; (5) any statements by Mayor Salter were privileged; and (6) the Declaratory Judgment Act claims must be dismissed because they do not fall within the limited waiver of sovereign immunity set forth in the Act.

Plaintiffs filed a response and a Motion for Leave to file an Amended Complaint with a proposed Amended Complaint.  The proposed Amended Complaint drops all claims against Defendant Breckenridge and states that Plaintiffs "do not oppose her dismissal from this case." Docket no. 28-2 at 2.  Plaintiffs state that they also no longer wish to prosecute their claim for

---

[2] Given that Defendants have answered, this motion is more properly considered to be a Rule 12(c) motion for judgment on the pleadings.  Both types of motions are evaluated under the same standard.  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

malicious prosecution or their state law tort claims other than the defamation claims against Salter. Plaintiffs contend that any pleading deficiency with regard to the remaining claims against Salter are remedied in their proposed Amended Complaint.

The proposed Amended Complaint alleges that the rate structure for connecting to the wastewater system is being administered in a discriminatory way because Sheffield will have to pay a $5000 access fee to obtain the permit to connect while other commercial properties have been allowed to connect for no fee or a residential fee of $250. Plaintiffs allege that the City's favorable treatment of other businesses shows that the City has unfairly discriminated against Plaintiffs by allowing commercial properties, several much larger and which discharge more wastewater, to connect to the system at the lower residential rate. Plaintiffs contend that the following assertions by Defendants are false: (1) that all commercial properties are treated the same by the City, (2) that the USDA allowed certain businesses to connect at the residential rate, and (3) that the businesses gave something of value (*e.g.*, an easement) in exchange for a reduced rate.

The proposed Amended Complaint includes the following causes of action: (1) "Violation of Texas Common Law Right to be Free from Unlawful Discrimination" (against the City); (2) "Deprivation of Freedom of Speech" under Article 1, Section 8 of the Texas Constitution (against the City and possibly Salter); (3) "Violation of U.S. Constitutional Right to Equal Protection" (Fourteenth Amendment) (against the City and Salter) (this cause of action no longer refers to due process or the First Amendment); (4) defamation (against Salter only); (5) slander (against Salter only); (6) "42 U.S.C. Section 1983"[3]; and (7) request for permanent injunction.

## Analysis

### A. Voluntary Dismissals

Plaintiffs' claims against Defendant Breckenridge are dismissed without prejudice.

---

[3] The Court notes that Plaintiffs may not sue directly under the Constitution, but they may bring their Fourteenth Amendment claims through 42 U.S.C. § 1983. *See Berger v. City of New Orleans*, 273 F.3d 1095 (5th Cir. 2001). Therefore, the Court will treat the Fourteenth Amendment equal protection claims as being brought through § 1983, and not as stand-alone claims. Plaintiffs allege "deprivation of freedom of speech" in Count Two but refer only to the Texas Constitution for this claim. Plaintiffs no longer refer to the First Amendment in their proposed Amended Complaint, and thus the Court concludes that Plaintiffs are no longer pursuing such a claim. If Plaintiffs are intending to maintain their First Amendment retaliation claim through the general reference to § 1983, that reference is insufficient to provide notice of such a claim.

Plaintiffs' claims for malicious prosecution and all state-law tort claims other than the defamation claims against Slater are dismissed without prejudice. Plaintiffs' claims for violations of due process and the First Amendment, and the Declaratory Judgment Act claim, which are no longer asserted in the proposed Amended Complaint, are dismissed without prejudice.

The Court now considers the claims in the proposed Amended Complaint.

**B.  Section § 1983 Equal Protection claim**

Defendants contend that to state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class, and Plaintiffs have not shown that they are members of such protected class. However, Defendants' view of the Equal Protection Clause is too narrow.  In *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), the Supreme Court recognized so-called "class-of-one" equal protection claims.  In that case, the plaintiff alleged that the Village's demand for a 33-foot easement in order to connect her property to the municipal water supply violated the Equal Protection Clause of the Fourteenth Amendment because other similarly situated property owners were only required to supply a 15-foot easement.  The Supreme Court held that a plaintiff could state a claim by alleging that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment (without regard to subjective ill will).  *Id.* at 564; *Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 348 (5th Cir. 2006) (plaintiff must show that he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment).  The Fifth Circuit has held that, in the context of land-use decisions, such class-of-one equal protection claims are clearly established for purposes of a qualified immunity analysis against individual defendants. *DaVinci Inv. L.P. v. Parker*, 622 F. App'x 367, 377 (5th Cir. 2015).

Plaintiffs allege that the City is requiring them to pay a fee that is higher than that paid by similarly situated commercial properties to connect to the wastewater system.  These allegations are similar to those in *Village of Willowbrook*, and Plaintiffs allege that Defendants' asserted reasons for the differential treatment are false.  To the extent Defendants dispute these allegations, such disputes are beyond the scope of a Rule 12 motion and are more properly considered on summary

judgment.  The allegations therefore state a claim against the City.[4]

Plaintiffs allege that both the City and Defendant Salter violated Plaintiffs' right to equal protection.  Defendants correctly note that to plead a proper § 1983 claim against a government official, a plaintiff must assert either (1) the official's personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the official's wrongful conduct and the constitutional violation.  *See Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008).  Defendants assert that the proposed Amended Complaint "contains no such allegations with regard to Defendant Salter."  Plaintiffs allege that Sheffield was a vocal critic of Salter, and imply that the City's differential treatment was a result of that criticism, but they fail to allege facts establishing that Salter was personally involved in the City's decisions regarding how to treat the various properties or that he exerted sufficient control over the process to cause the alleged equal protection violation.  Thus, the equal protection claim against Salter is dismissed.  However, because it is possible that Plaintiffs may be able to replead to state a claim, *see Bryan v. City of Madison*, 213 F.3d 267 (5th Cir. 2000); *Da Vinci*, 622 F. App'x at 376, Plaintiffs are given leave to attempt to replead such a claim against Salter.

## C. "Deprivation of Freedom of Speech"

In their proposed Amended Complaint, Plaintiffs allege that "Defendants have deprived John Sheffield of his right to freedom of speech as guaranteed by the Texas Constitution, Article 1, Section 8."  This claim is more properly characterized as a retaliation claim than a speech deprivation claim.  Regardless of its characterization, however, the Texas Supreme Court has held that there is no implied private right of action for damages arising under the free speech clause of the Texas Constitution.  *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995).  And, as noted, Plaintiffs do not bring a claim under the First Amendment (via § 1983) in the proposed Amended Complaint.  Thus, Plaintiffs may obtain only injunctive relief for this claim.  *Id*. at 149; *City of Elsa*

---

[4] The Fifth Circuit also recognizes a type of class-of-one claim based on selective enforcement of valid ordinances.  *L&F Homes & Dev. LLC v. City of Gulfport, Miss.*, 538 F. App'x 395, 403 (5th Cir. 2013).  Such a claim generally requires the plaintiff to prove that the government was motivated by improper considerations.  Defendants also assert that the claim must be dismissed because Plaintiffs fail to establish an official custom or policy of the City.  However, that law applies in cases where a plaintiff is trying to hold a governmental entity or municipality liable for the constitutional violations of its employees.  Here, Plaintiffs are trying to hold the City accountable for its own actions, and thus the requirement for a custom or policy is inapposite.

*v. M.A.L.*, 226 S.W.3d 390 (Tex. 2007) (per curiam).

Plaintiffs allege that Sheffield has been a vocal critic of Salter, Breckenridge, "and other City officials for their mismanagement, incompetence and malfeasance" and that he "led a drive to disincorporate the City," leading to his selective prosecution intended to force him to stop his criticisms.  It is unclear whether this claim relates only to the municipal court case brought against Ole Ingram and Sheffield.  Since that case has been dismissed, it cannot be the subject of injunctive relief.  Plaintiffs allege that many city administrators have resigned and that Sheffield "has heard that the new management intends to shut off his water supply if he does not file the application and pay the fee."  However, Plaintiffs fail to allege any facts from which to infer that the new management is acting in retaliation for any past speech by Sheffield.  This claim is therefore dismissed.  Plaintiffs are given leave to attempt to replead this claim under the Texas Constitution (for injunctive relief only); to do so they must allege sufficient facts showing that ongoing/future retaliation by current decisionmakers is causally tied to Sheffield's prior speech.[5]

**D. "Violation of Texas Common Law Right to be Free from Unlawful Discrimination"**

Plaintiffs allege that the City may not discriminate in charges or services between similarly situated persons, and this principle is based on Texas common law and constitutional law (Texas Constitution Art. 1, § 3).  Plaintiffs rely on *Texarkana v. Wiggins*, 246 S.W.2d 622 (Tex. 1952), where the Texas Supreme Court recognized, "the broad common-law principle that a municipality may not unreasonably discriminate in rates and charges" and noted that prior cases provided authority for "at least this much: in the absence of (1) a showing that the discrimination has a reasonable basis or (2) a statute to the contrary, a municipality may not discriminate in charges or service as between those similarly situated." *Wiggins* was a suit for injunctive relief and it is unclear whether Plaintiffs may recover damages for such a claim under the common law.  The law is clear that damages are not available for claims under Texas Constitution Article 1, Section 3.  *See Vincent v. West Tex. State Univ.*, 895 S.W.2d 469, 475 (Tex.App.–Amarillo 1995, no writ) (holding that while *Bouillion* concerned only free speech and association rights, the analysis used in *Bouillion* equally applies to other constitutional guarantees, such as equal protection); *Kaufman County v.*

---

[5] If Plaintiffs did not intend to abandon their First Amendment retaliation claim, they are given leave to include that claim in an amended complaint in addition to or in lieu of their claim under the Texas Constitution.

*Combs*, 393 S.W.3d 336, 345 (Tex. App.–Dallas 2012, pet. denied) ("[T]here is no direct cause of action for equal protection or due process violations under the U.S. or Texas constitutions."). Since Plaintiffs also bring this claim pursuant to "common law" and this claim is essentially duplicative of Plaintiffs' equal protection claim, the Court sees no prejudice in permitting it at the pleading stage. *See In the Interest of B.M.N.*, 570 S.W.2d 493, 499 (Tex. Civ. App.–Texarkana 1978, no writ) ("Article 1, § 3 of the Texas Constitution is the Texas equivalent of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution . . . .")

**E. Defamation claims**

Defendants invoke § 101.106(e) of the Texas Tort Claims Act ("TTCA") to argue that the state-law tort claims against Salter must be dismissed because Plaintiffs' original Petition asserted tort claims against both the City and Salter. Section 101.106(e) provides, "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." A suit is filed "under this chapter" if it includes a state-law tort claim asserted against a governmental unit. *Mission Consolidated Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008).

Plaintiffs' original Petition asserts defamation claims (*i.e.*, tort claims) against Defendant Salter individually and in his capacity as Mayor, and such official-capacity claims are considered claims against the City. *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.–Houston [1st Dist.] 1995, no writ) ("Suits against a governmental official in his official capacity are just another way of pleading a suit against a governmental entity of which the official is an agent."). Nothing in the Petition differentiates between speech made by Salter in his individual capacity and in his official capacity. In the background facts, the petition alleges that "Ma[y]or Salter made public comments, in Council meetings and in other public places, critical of Sheffield. Salter has publicly stated that Sheffield was the only businessman in Ingram who had not complied with the City's Ordinance requiring connection to the wastewater system. That statement was false when Slater made it, and he knew it was false or made it with reckless disregard for the truth, and it is libelous per se." Under the specific "defamation" cause of action, the petition states only, "The statements by James Salter that John Sheffield was the only business-man in Ingram not in compliance with the law was libel per se, and proximately caused injury to Plaintiffs' reputation, for which Plaintiffs sue for recovery."

In the response to the motion to dismiss, Plaintiffs state that § 101.106 "does not shield James Salter from liability for acts he committed as an individual and not in a council meeting or other forum that would entitle him to qualified immunity.  He is not shielded from liability for the slander and libelous statements he made to reporters and others outside council meetings."  Docket no. 28 at 4.  The proposed Amended Complaint includes libel and slander claims against Defendant Salter only and alleges that "Salter made the defamatory statements in his individual capacity outside and not in City Council meetings or in other privileged settings."  Docket no. 28-2 at 14.

Plaintiffs fail to address Defendants' argument that the bar of § 101.106(e) attaches when the original petition is filed and constitutes an irrevocable election.  Section 101.106(e) interacts with § 101.106(a), which provides, "The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter."  As noted, Plaintiffs' original Petition sued Salter in both his individual and official capacities and failed to differentiate between those claims, asserting a defamation claim for Salter's alleged statements made both in City Council meetings and elsewhere that Sheffield's was the only business that had not complied with the ordinance.  The filing of this claim against Salter in his official capacity was an irrevocable election that forever and immediately barred any recovery by the Plaintiffs against Salter in his individual capacity "regarding the same subject matter."  Plaintiffs' current claim in the proposed Amended Complaint against Salter in his individual capacity for the same statements is regarding the same subject matter and is therefore barred.  Plaintiffs' attempt to differentiate between statements made by Salter in his official capacity in City Council meetings versus in an individual capacity elsewhere fails to save the claim because it is not an issue of privilege but the operation of the TTCA bar that precludes the claim.  Thus, all individual capacity defamation and slander claims against Salter are dismissed with prejudice.

Plaintiffs no longer appear to be asserting defamation claims against Salter in his official capacity.  To the extent Salter made such statements in his official capacity, the City has governmental immunity from intentional tort claims and Plaintiffs have not demonstrated a waiver of that immunity in the Texas Tort Claims Act or otherwise.  *See City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.–Houston [1st Dist.] 1995, no writ).  Thus, any official capacity

-8-

defamation and slander claims are dismissed without prejudice.

**F. Defendants' Motion to Compel (docket no. 33)**

Defendants move for an order compelling Plaintiffs to respond to requests for production. In response, Plaintiffs state they have produced responsive documents except for those items for which they had no responsive documents and four specific items to which they object. These include Requests for Production 5, 15, 25, and 26. Plaintiffs agree to produce the items in RFPs 25 and 26 subject to a confidentiality and protective order. The parties shall therefore submit a proposed Confidentiality and Protective Order in the form required by Appendix H to the Local Rules for the Court's signature, and Plaintiffs shall produce responsive documents within 14 days of entry of the Order. Because Plaintiffs agree to produce these documents, this aspect of the motion is moot.

With regard to RFP 5 and RFP 15, Defendants seek a copy of the colonia grant described in Paragraph 10 of the Petition (RFP 5) (this is also referred to in Paragraph 8 of the proposed Amended Complaint) and copies of the federal and state water safety regulations described in Paragraph 29 of the Petition (RFP 15) (these are no longer referenced in the proposed Amended Complaint). Plaintiffs object to RFP 5 because the document was prepared by the City and the City has equal or greater access to it. The Court understands this objection to mean that Plaintiffs do not have this document in their possession. If Plaintiffs have possession or control of this document, they shall produce it; but if they do not have possession or control of it and would be required to obtain it from a public source that is equally or more accessible to the City, they are not required to produce it, and the objection is sustained. To the extent the Court understands this to be the latter situation, the motion is DENIED as to RFP 5. With regard to RFP 15, Plaintiffs produced one document but otherwise objected that the City had access to the same library as Plaintiffs "and can do their own research." This issue is moot since the documents are no longer referenced by Plaintiffs in the proposed Amended Complaint.

## Conclusion

Defendants' Motion to Dismiss (docket no. 27) is GRANTED IN PART and DENIED IN PART as stated herein. All claims against Defendant Breckenridge are DISMISSED. All claims against Defendants Salter and the City of Ingram are DISMISSED except for the following claims in the proposed Amended Complaint: Count One (against the City only and for injunctive relief

only), Count Three/Count Six (Fourteenth Amendment Equal Protection claim via § 1983 against the City only).

Plaintiffs' motion for leave to amend (docket no. 28) is GRANTED IN PART and DENIED IN PART as stated herein.  Plaintiffs are granted leave to file an Amended Complaint that complies with this Order (*i.e.*, not the proposed Amended Complaint).

Defendants' Motion to Compel (docket no. 33) is DISMISSED AS MOOT IN PART and DENIED IN PART.

It is so ORDERED.

SIGNED this 24th day of March, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE